## WILLIAMSON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

1. STREET RAILROADS—PERSONAL INJURY—EXCESSIVE DAMAGES.
  Where plaintiff, a boy of 11 years, was injured by a street car, from which he suffered two amputations, and the loss of one limb above the knee, a verdict for $22,500 was not excessive.

2. SAME—INSTRUCTIONS—EXCEPTION—EVIDENCE—WITHDRAWAL FROM JURY.
  Where plaintiff was injured by being struck by the fender of a passing street car, which projected over the sidewalk, and the court instructed the jury that it was not negligence for the fender to extend over the curbstone, and cautioned them not to award exemplary damages, and no exceptions were taken to the charge, the objection on appeal that the trial court, in his charge, so unduly minimized the evidence of defendant as to practically withdraw it from the jury, was not well taken.

3. SAME—EVIDENCE—WRITTEN STATEMENT OF CONDUCTOR—ADMISSION.
  Where a discharged conductor, who had charge of the car when plaintiff was injured, referred on cross-examination to a written statement made by him soon after the accident, and there was no claim that it in any way contradicted his direct testimony, it was not error to refuse to admit the statement in evidence.

Appeal from trial term, Kings county.

Action by Howard Williamson, an infant, by Louise Williamson, his guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John L. Wells, for appellant.

Thomas E. Pearsall, for respondent.

WILLARD BARTLETT, J. The plaintiff was run over by one of the defendant's cars, in the borough of Brooklyn, on September 25, 1899, and so badly injured that he was compelled to suffer two amputations,—the first, removing the lower portion of the left leg at a point about three inches below the knee joint, and the second operation destroying the knee joint and all below it. This suit was brought to recover damages for the negligence of the defendant in inflicting such injury, and it resulted in a verdict for $22,500. The defendant complains of this verdict as excessive, and also argues that the charge of the trial judge did not fairly present the case to the jury.

The boy was 11 years old at the time of the accident, and had always previously enjoyed good health. He lived with his mother, who was a widow, and he was attending the public school in the neighborhood of his mother's residence. It is manifest that the pain resulting from the injury and following the two amputations was extreme; and the permanent disability arising from the loss of his leg will put the plaintiff at a serious disadvantage, physically, when he arrives at manhood and enters into the competition of life. The former general term has sustained verdicts as large as this for similar injuries to children, and, although the amount of the recovery is certainly large, we are not prepared to say that it ought to be reduced.

Nor can we accede to the proposition that the charge of the court did not fairly present the case to the jury. It must have been quite satisfactory to the counsel who represented the defendant upon the trial, for the record does not show a single exception to the charge, or any request for further or fuller instructions. It is conceded that the law was properly stated to the jury, but the charge is now criticised as having "unduly magnified the theory of the plaintiff upon the trial, and unduly minimized the evidence presented by the defendant," so that it is said that "the evidence offered by the defendant was practically withdrawn from the consideration of the jury." The language of the charge does not seem to us to justify this criticism. On the contrary, its tone throughout was extremely fair, and we cannot perceive that the learned judge said anything or omitted anything to the prejudice of the defendant. The accident occurred, according to the testimony of the plaintiff's witnesses, by reason of the fact that the fender of the car projected over the sidewalk upon which the boy was standing, and swept him off his feet. As to this occurrence the court instructed the jury that it was not negligence, in itself, for the company to permit its fender to pass over the top of the curbstone. Certainly this instruction was highly favorable to the defense; and the court was careful in other respects to protect the rights of the defendant, as, for example, at the close of the charge, where the jury were cautioned not to punish the railroad company, if they rendered a verdict in favor of the plaintiff, by adding anything to their award by way of exemplary damages.

The conductor of the car by which the plaintiff was injured was a witness for the defendant, and testified that the accident occurred in consequence of the boy's attempt to board the car. At the time of the trial the witness was no longer in the employment of the railroad company, and he stated upon cross-examination that he had been discharged for having an unsatisfactory register account, and that before his discharge he was sent for to go down to the office of the defendant and make a statement as to the accident, which he did. Upon his redirect examination he identified a paper as the statement or report which he made to the company in regard to the accident, and that paper was offered in evidence in behalf of the defendant, but was excluded by the court. The exception to this ruling presents no error. The mere fact, brought out on cross-examination, that the witness had made a report of the circumstances of the accident, did not entitle the defendant to prove the contents of such report. The excluded statement is submitted to us on a separate sheet, apart from the appeal book, and is not certified as a portion of the record. Assuming, however, that it is thus laid before us by consent of counsel, we do not see how the exclusion of the report could have been harmful to the defendant, in any point of view. The statement gives substantially the same account of the accident as was given by the witness upon the trial; but there was no suggestion by plaintiff's counsel that the witness had ever described the occurrence differently, and, indeed, the jury could hardly have drawn any inference from the circumstance that the conductor was required to make a statement concerning the accident before leaving the serv-

ice of the railroad company, unless it was that the defendant exercised a very proper and commendable degree of care in obtaining a written narrative of the facts while they were fresh in the mind of the witness. There is really no view of the case which makes this paper, or any of the testimony in regard to it, in any manner material or important to the determination of the issue.

Judgment and order affirmed, with costs. All concur.

GOODRICH, P. J. I concur in the opinion of Mr. Justice WILLARD BARTLETT, except that I think that the amount of the verdict was excessive, and should be reduced.